[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANTS' MOTION TO STRIKE COUNT FOUR
This action arises from a motor vehicle accident involving plaintiff, Nicole Nemeth, and defendant, Thomas Tafuri (Tafuri), on August 12, 2000. The complaint alleges that Tafuri "was operating the motor vehicle owned by the Co-Defendant, Kathleen Ann Tafuri-Cornillie with her permission and authority to do so as a member of the Co-Defendant's Tafuri-Cornillie family or as agent, servant and/or employee." Count four of plaintiff s complaint and subsection b of the claim for relief allege the vicarious liability of the defendant, Kathleen Tafuri-Cornillie (Tafuri-Cornillie), and seeks double or treble damages pursuant to General Statutes § 14-295.[1] Tafuri-Cornillie moves to strike CT Page 6987 count four and subsection b of the claim for relief. Tafuri-Cornillie contends that the plaintiff may not recover double or treble damages against her because she was merely the owner, and not the operator, of the motor vehicle.
The alternative or dual allegations of the plaintiff's complaint suggesting both an invocation of the family car doctrine and the respondeat superior agency doctrine bring the action within the provisions of General Statutes § 52-182,[2] the family car doctrine, and General Statutes § 52-183, respondeat superior.[3] of the Superior Court judges that have addressed the issue of vicarious liability for the reckless conduct of the operator with regard to General Statutes § 52-182, all have held that the owner cannot be held liable for double or treble damages. There is a split of authority among the Superior Court judges that have addressed the issue of vicarious liability for the reckless conduct of the operator with regard to General Statutes § 52-183, including cases alleging a family relationship as well as an agency or employer/employee relationship between the owner and operator.[4]
This court is disinclined to grapple with issues unnecessarily. While of course it may be possible that a person may be driving another's automobile and said owner is both a parent, for example, and an employer simultaneously, it is unlikely.
As a result, it is the court's current conclusion that this matter should await further factual development to illuminate whether only one doctrine is properly applicable. By said time the issue will either resolve itself without the court's intervention or be able to return to court within narrower and clearer confines.
Defendant's motion to strike is denied without prejudice.
NADEAU, J.